UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MICHAEL MOLDOWAN,

      Plaintiff,                        CIVIL ACTION NO. 05 CV 70331 DT

    v.                                 DISTRICT JUDGE ANNA DIGGS TAYLOR

THE CITY OF WARREN; THE POLICE    MAGISTRATE JUDGE VIRGINIA MORGAN
DEPARTMENT OF THE CITY OF
WARREN; THE COUNTY OF MACOMB;
ERIC SMITH, Macomb County Prosecutor,
in his official capacity; ALAN WARNICK,
in his individual and official capacity;
DONALD INGLES, in his individual and
official capacity; MARK CHRISTIAN, in
his individual and official capacity; OTHER
PRESENT AND FORMER MEMBERS OF
THE WARREN POLICE DEPARTMENT
AND OFFICE OF THE MACOMB COUNTY
PROSECUTOR AS YET UNIDENTIFIED, in
their individual and official capacities; and
MAUREEN FOURNIER, individually,

      Defendants.
_____/

### OPINION AND ORDER GRANTING THE WARREN DEFENDANTS' MOTION TO QUASH PLAINTIFF'S JUNE 5 AND 6, 2006 DISCOVERY REQUESTS

This matter is before the court on the motion of the Warren defendants (D/E 154) to quash plaintiff's June 5 and 6, 2006 discovery requests. Plaintiff seeks discovery from defendant City of Warren and its police department related to prior litigation against those entities. Defendants move both to quash and for a protective order to prevent similar future requests. Oral argument was held and the matter was taken under advisement. For the reasons set forth in

this Opinion, **IT IS ORDERED** that the motion **IS GRANTED**. The court finds that the public record in the lawsuits is sufficient to address the issues currently before the court. To the extent that plaintiff is able, after inspection of the relevant public record, to point to activities alleged in the lawsuits that raise a claim of a specific pattern or practice which is the moving force behind the alleged unconstitutional conduct here–evidence fabrication, violation of court orders, failure to disclose exculpatory evidence, or false imprisonment–the court will further consider ordering defendants to provide redacted copies of the internal, non-privileged files for matters arising prior to the alleged unconstitutional conduct here.

   *1. Procedural History*

   In an earlier discovery dispute plaintiff sought "any and all documents and records . . . of the investigation of any allegations of misconduct of any type against any present or former police officer . . . from January 1, 1985 to the present." Defendants filed objections to the request and discovery was limited by the court. (See, Order of January 5, 2006, and as modified by the district judge's Order of February 27, 2006) Defendants were ordered to produce a portion of the documents consisting of evidence of investigations and discipline against the named defendant police officers and retired detective Shelly Loeffler and the complaints and disciplinary files against the investigating officers in the underlying criminal action against plaintiff Moldowan. It appears to be admitted as fact by plaintiff that no citizen complaints have been filed against any of the named defendants. The remainder of the documents have been produced.

   Subsequently, plaintiff submitted the instant discovery requests seeking information on other police officers and lawsuits. Plaintiff identified 91 lawsuits filed against the City of

Warren and/or its employees since 1988. On June 5, 2006, plaintiff submitted 91 Requests to Admit, 274 Interrogatories with additional sub-parts, and 91 requests to produce. (Ex. A to the Motion) On June 12, 2006, plaintiff submitted an additional 9 interrogatories (one with 91 sub-parts). (Exhibit B to the Motion) Plaintiff seeks information regarding those lawsuits, specifically copies of all internal investigations and discipline records for all officers involved in those 91 separate lawsuits. In large measure, this is the same discovery previously denied by the court.

Defendants City of Warren and Warren Police Department move to quash plaintiff's First Requests to Admit, First Interrogatories, and Third Requests for Production and for Entry of a Protective Order to preclude similar further discovery attempts, as well as to Quash and for a Protective Order with respect to plaintiff's Second Interrogatories and Fourth Requests for Production, Interrogatory #8 (calling for addresses of former and retired police officers) and Interrogatory #9 (subparts 1-91) and Request to Produce #2 (requesting copies of all internal investigations made in the 91 federal cases). Essentially, defendants allege that the requested discovery is overly broad and burdensome. Plaintiff's response to the motion argues that this discovery is necessary in order to establish municipal liability, that is, a pattern or practice of deliberate indifference as it relates to the conduct of employees who have not been named as defendants. Defendants submitted a list of issues remaining in dispute.[1]

---

[1]This was not a joint list as prescribed by the local rules because of counsels' inability to agree on what could be/had been resolved.

### 2. *Factual Background of the Case*

This action arises from the criminal prosecution, conviction, subsequent re-trial, and ultimate acquittal of plaintiff Moldowan in Macomb County Circuit Court. According to the complaint here, Ms. Fournier, a victim of rape and assault and currently named as a defendant by plaintiff, was brutally assaulted on or about August 9, 1990. She was found lying in a street in Detroit and advised police that she had been abducted the night before in a white van and raped by four individuals whom she knew. Because she stated that the abduction took place in Warren, Michigan, Detroit turned the case over to the Macomb County authorities. Ms. Fournier identified the four individuals to Warren Police Officers as Michael Cristini, Jim Cristini, Tracy Tapp, and plaintiff Jeffery Moldowan. Ultimately, only Moldowan and Michael Cristini were prosecuted for the assault,[2] based in part on forensic testimony offered by defendant Warnick that bite marks on Ms. Fournier's neck were consistent with Moldowan's dentition, and that the bite marks on her right arm and right side were consistent with those of Michael Cristini. Plaintiff alleges that this bite-mark testimony was false and was made by Warnick either intentionally or with deliberate indifference or reckless disregard for the truth and for the constitutional rights of plaintiff and to overcome plaintiff's alibi defense. (Complaint, ¶¶ 37, 41) Dr. Pamela Hammel, a colleague of Warnick's, offered testimony corroborating Warnick during the prosecution's case on rebuttal. (Complaint, ¶¶ 52-55) On May 10, 1991, Moldowan and Christini were convicted by a jury of kidnaping, assault with intent to commit murder, and two

---

[2]Jim Christini and Tracy Tapp were also charged initially but dismissed by the court at the conclusion of the preliminary examination on September 17-18, 1990. (Complaint, ¶¶ 43-48)

counts of criminal sexual conduct in the first degree in violation of Michigan law. Plaintiff Moldowan was sentenced to four concurrent terms of 60-90 years.[3] (Complaint, ¶ 56)

Several years later, Dr. Hammel recanted her testimony and Dr. Warnick's opinions were discredited. Plaintiff Moldowan sought appellate review of his conviction. The Michigan Supreme Court, granting his delayed application for leave to appeal from the April 16, 2001 decision of the Court of Appeal, reversed Moldowan's conviction, and remanded the matter to the Macomb Circuit Court for a new trial. People v. Moldowan, 466 Mich. 862, 643 N.W.2d 570 (2002). Plaintiff was re-tried without the bite mark evidence and acquitted on retrial in 2003.

On January 28, 2005, plaintiff brought this action seeking money damages against various public entities, law enforcement officers, and private citizens for violation of his civil and constitutional rights. Plaintiff's current complaint (Third Amended Complaint filed February 9, 2006) alleges a total of 36 counts against several groups of defendants: City of Warren; Police Department of City of Warren (WPD); County of Macomb and its Prosecutor in his official capacity; and sued in their individual and official capacities: Alan Warnick [forensic consultant], Donald Ingles [WPD detective], Mark Christian [WPD detective], Michael Schultz [WPD sergeant in charge of the evidence room], and "other Present and Former Members of the Warren Police Department and office of the Macomb County Prosecutor as yet unidentified," and sued individually: Maureen Fournier [the crime victim]. The case currently exceeds 200 docket entries with numerous hotly discovery disputes and appeals. Extensive discovery has

---

[3]Christini was sentenced similarly, four terms of 50 to 75 years. He was also acquitted in a separate re-trial in 2004.

- 5 -

been conducted–lengthy depositions taken and numerous interrogatories and requests to produce exchanged.

The complaint alleges federal violations of plaintiff's civil and constitutional rights during his criminal prosecution, as well as state claims including intentional infliction of emotional distress against Ms. Fournier for her conduct in the second prosecution. Relevant to the instant motion are plaintiff's claims against the City of Warren and the Warren Police Department. With respect to these defendants, plaintiff alleges a conspiracy between Warnick and members of the Warren Police (Counts V, VI, VII, VIII), and conspiracy between Ms. Fournier and members of the Warren Police Department (Counts XVI, XVII, XVIII, XIX). Plaintiff also contends that there is liability on the part of the City of Warren and Warren Police Department for inadequate training and/or supervising of police officers regarding the constitutional rights of citizens (Count XXIV), and for the actions of defendant Ingles as the final policymaker in conducting the investigation (Count XXV). Additionally, plaintiff claims liability against the City of Warren and the Warren Police Department for the destruction of evidence in violation of a court order. He also claims that the Warren Police Department and the City of Warren are liable, along with Macomb County and its prosecutor, for "the continued seizure and prosecution of plaintiff without probable cause in the second trial in violation of his constitutional rights under the Fourth Amendment (Count XXVII), and his rights to substantive due process under the Fourteenth Amendment (Count XXVIII), and his rights to procedural due process under the Fourteenth Amendment (Count XXIX). He also has a state claim for false imprisonment in connection with the second prosecution (Count XXXV).

*3. Legal Analysis*

We begin with attention to Federal Rule of Civil Procedure Rule 26. That rule provides in pertinent part that the parties should develop a discovery plan and submit the same to the court. (Rule 26(f)).[4] The rule provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . and for good cause, . . . any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(c) provides for the entry of protective orders, as sought here by defendants, to prevent injustice with respect to annoyance, oppression, or undue burden or expense. The discovery at issue is governed by Fed.R.Civ.P. Rule 33 for the interrogatories, Rule 34 for requests to produce, and Rule 36 for the Requests to Admit. Rule 33 limits the number of interrogatories to 25 (including subparts) without written stipulation or leave of court. However, in this case, counsel seem to have agreed to extend that number. The court is concerned regarding this deviation from the rules. The purpose of the amendments was to place discovery practice in the hands of the lawyers. By limiting interrogatories, there would be fewer motions to compel and other efforts at court intervention. Generally, the court accepts discovery plans where counsel have extended the number of interrogatories. However, such agreements should not become a basis for the extensive motion practice which has occurred here.

Turning to the discovery at issue, plaintiff contends that the discovery is relevant to proof of a pattern, practice or custom. Plaintiff contends that the City and the Police Department

---

[4]That does not seem to have occurred here, at least in a way that would obviate this protracted pre-trial litigation. The court encourages counsel to begin this process so as to avoid this kind of motion in the future.

are liable for inadequate training and/or supervising of police officers regarding the constitutional rights of citizens (Count XXIV), and for the actions of defendant Ingles as the final policymaker in conducting the investigation. These are very broad and vague claims.

A municipality cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under §1983 on a theory of *respondeat superior*. Monell v. Dept of Social Services, 436 U.S. 658, 691 (1978). Municipal liability under 42 U.S.C. §1983 attaches only where a deprivation of a right protected by the Constitution or by federal law results from an official policy of the municipality. An official policy can be found in two forms: (1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom. Id. Further, the policy must be the "moving force" behind the constitutional violation. The plaintiff must identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). In addition to proving deliberate indifference, a plaintiff must also demonstrate that the inadequate training caused a constitutional violation. See, Grazier v. City of Philadelphia, 328 F.3d 120, 124-25 (3rd Cir. 2003). Plaintiff has not identified a policy or custom liked to deprivation of a specific articulable right.

The basis of the 91 lawsuits is not clear on this record. Such lawsuits would only be relevant if they allege some conduct which formed a pattern causing the deprivations at issue

here. Plaintiff alleges several types of unconstitutional conduct in his brief opposing the motion to quash. These are:

> 1. Conspiracy with the City and defendants Warnick and Fournier to fabricate evidence against him;
>
> 2. Ingles's failure to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);
>
> 3. Christian and/or Schulz's (and unidentified city police officers') destruction of trial evidence in violation of a court order thereby impairing plaintiff's right of access to the court, (this is not further specified as to what access plaintiff was denied);
>
> 4. City's custom and policy of failing to adequately train and/or supervise its police officers regarding the constitutional rights of the City's citizens, thereby demonstrating a deliberate indifference to violations of those rights by its police officers.

Brief page 1.

It is settled law that there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Brown v. Muhlenberg Township, 269 F.3d 205, 214 (3rd Cir 2001), quoting City of Canton, 489 U.S. at 385. Plaintiff has not articulated any such link. Plaintiff's original trial was conducted and a conviction obtained on May 10, 1991. Since the alleged unconstitutional investigation had already been conducted and completed by May 1, 1991, documents after that date could not demonstrate a custom which could be said to be the "moving force" or "a direct causal link" to fabrication of evidence against him or failure to disclose exculpatory evidence.

Both numbers 3 and 4 above are simply too vague to raise any basis for a viable constitutional claim or entitlement to discovery. The conduct is not specified and the causal link is unidentified. Plaintiff does not identify the evidence which affected his access to the court, or

when this destruction was alleged to have occurred.  A general allegation of poor training cannot serve as a basis for discovery without showing how such conduct is a direct causal link of the constitutional deprivation.

Therefore, IT IS ORDERED that the defendants' motion IS GRANTED.  Upon a further showing by plaintiff as to specific activities which could be shown to be the moving force behind the particular constitutional violations, further discovery may be ordered.

S/VIRGINIA M. MORGAN
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 31, 2006.

s/Kendra Byrd
Case Manager to
Magistrate Judge Virginia M. Morgan