UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MICHAEL MOLDOWAN,

        Plaintiff,

                                       Case Number 05-70331
v.                                      Honorable David M. Lawson

CITY OF WARREN, MACOMB COUNTY,
ERIC SMITH, ALAN WARNICK, DONALD
INGLES, JOHN DOE Warren Police Officers
and Macomb County Prosecutors Office
Members, MICHAEL GEORGE SCHULTZ,

        Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERTS

This matter is before the Court on a motion by defendants the City of Warren, the Warren

Police Department, and Donald Ingles to strike the plaintiff's experts Steven Fishman and John

Royal. The defendants state in their motion that these experts intend to testify about exculpatory

evidence and the Brady doctrine. The defendants argue that this constitutes testimony as to a legal

conclusion. The defendants also argue that Fishman is not qualified to testify on the Brady doctrine.

The defendants also state that Royal has been retained to summarize testimony given in the

underlying case. The defendants argue that Royal has not demonstrated that he is qualified to

provide such summaries or that such summaries constitute proper expert testimony.

The defendants filed their motion on November 18, 2010. The plaintiff has not filed a

response to this motion and the time for doing so has expired. E.D.Mich. LR 7.1(e)(2)(B). The

Court has reviewed the pleadings and motion papers and finds, despite the plaintiff's failure to

respond, that the papers adequately set forth the relevant facts and law and oral argument will not

aid in the disposition of the motion.  Therefore, it is **ORDERED** that the motion be decided on the papers submitted.  *See* E.D. Mich. LR 7.1(f)(2).

It is "the province of the court to determine the applicable law and to instruct the jury as to that law." *Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir. 1985) (internal citation and quotation omitted). "Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, the issue embraced must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). "It is the responsibility of the court, not testifying witnesses, to define legal terms." *Id.*  Testimony consisting of legal conclusions creates a danger of "conveying the witness's unexpressed, and perhaps erroneous, legal standards to the jury."  *United States v. Parris*, 243 F.3d 286, 289 (6th Cir. 2001) (quoting *Torres*, 758 F.3d at 150).

This Court will not allow expert testimony that amounts to legal conclusions, and will entertain objections to such testimony a witness may attempt to offer at trial.  However, the Court observes that, in the expert reports of the experts the defendants seek to strike, those experts discuss proposed testimony that does not amount entirely to legal conclusions or discussions of legal standards.  For example, Fishman's report indicates that he intends to testify as to the importance of exculpatory evidence and that evidence not produced at trial would tend to exculpate the plaintiff in this case; Royal's report indicates that he will give summaries of the trial testimony in the 1991 criminal trial.  The Court also finds that, contrary to the defendants' arguments, the plaintiff's experts are probably qualified to discuss these issues.  Fishman has practiced criminal law for more than thirty years; Royal has been practicing criminal defense law for more than thirty years, including a nearly-eight-year stint in the Detroit Defender's Office, and is familiar with the underlying case.  The proposed expert witnesses' testimony may be inadmissible on other grounds,

but the Court must evaluate it in the context of the other evidence presented at trial.  The Court

therefore declines to strike the plaintiff's experts in their entirety at this time, as requested by the

defendants.  This ruling is not definitive; either party may object to evidence offered at trial.

Accordingly, it is **ORDERED** that the defendants' motion to strike the plaintiff's experts

Fishman and Royal [dkt. #363] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 27, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on September 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL