UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MICHAEL MOLDOWAN,

       Plaintiff,

v.

       Case Number 05-70331
       Honorable David M. Lawson

CITY OF WARREN, MACOMB COUNTY,
ERIC SMITH, DONALD INGLES, JOHN
DOE Warren Police Officers and Macomb
County Prosecutors Office Members,
and MICHAEL GEORGE SCHULTZ,

       Defendants.
_____/

## SUPPLEMENTAL OPINION AND ORDER ON PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND DETERMINATION OF LIEN, AND DIRECTING PAYMENT OF FUNDS FROM COURT'S REGISTRY

On January 2, 2013, the Court filed an opinion and order granting in part and denying in part the motion by attorneys Dennis Dettmer, Paul Broschay, Thomas Lizza, and Michael Deszi to determine the validity and extent of a lien for attorney's fees filed by Fieger, Fieger, Kenney & Giroux, P.C. ("the Fieger Firm"). The settlement of the underlying case resulted in an attorney fee, which led to a dispute over which lawyers were entitled to it. The dispute was partially resolved, and the competing lawyers agreed to pay the balance into the Court's registry pending resolution of the claims to it. The Court determined that the Fieger Firm was entitled to a portion of the attorney fee fund, with that firm's share to be determined on the basis of *quantum meruit*.

Under Michigan law, a predecessor attorney who has been discharged by a client in a personal injury case, even when the original contract between the attorney and the client was a contingent fee contract, "is entitled to *quantum meruit* recovery, based on the number of hours worked multiplied by a reasonable hourly rate." *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 672 (6th

Cir. 1988) (citing *Ambrose v. Detroit Edison Co.*, 65 Mich. App. 484, 237 N.W.2d 520 (1975); *Law Offices of Lawrence J. Stockler, P.C. v. Semaan*, 135 Mich. App. 545, 355 N.W.2d 271 (1984)). In its previous opinion, the Court determined that the number of hours to be credited to the Feiger Firm is 125.1 hours. However, the Court asked for additional briefs on the factors to determine a reasonable hourly rate for the Feiger Firm attorneys who worked on the file while it was lodged at that law firm.

In its response, the Feiger Firm appears to suggest that the Court has denied it "the opportunity to provide an independent, countervailing estimate" of the hours its own attorneys spent on the Moldowan file. Resp.'s Supp. Br. at 1. That argument is disingenuous and mischaracterizes the proceedings in this case dealing with the lien determination. The Court's actual finding was that the Feiger Firm had ample opportunity to present competing evidence to dispute the hours worked and failed to offer any contrary evidence. The record documents that finding quite well.

It appears that the plaintiff decided to switch attorneys in late May or early June of 2011. The Feiger Firm and Dennis Dettmer filed a stipulation on June 2, 2011 to substitute Dettmer as counsel of record for the Feiger Firm. The stipulation states that the lawyers agree that the Feiger Firm "is entitled to have a lien for its attorney's fees based on a quantum meruit for services rendered." Dkt. #378 at 2. The Feiger Firm filed its notice of lien on June 20, 2011. It filed an amended notice of lien on July 8, 2011 in which it recited the catalog of work performed by the Firm's attorneys while the Firm was on the file between January 2009 and June 2011. That list does not include a recitation of hours, but the work described is consistent with the description contained in the affidavits of Dettmer, Broschay, Lizza, and Deszi. The case was settled as to the Warren defendants in October 2011, and on October 27, 2011 the lawyers presented a stipulated order to

deposit the net attorney's fee of $916,939.30 into the Court's registry. The remaining defendants settled with the plaintiff and were dismissed on November 1, 2011. Apparently, the lawyers resolved some of their disputes concerning the payment of costs and the allocation of fees, because on November 7, 2011 they presented another order to deposit the net attorney's fee in the registry, but the agreed amount in controversy was $644,592.87.

Meanwhile, on November 1, 2011 the plaintiff's current attorneys filed a motion to determine the amount of the Feiger Firm's lien. They plainly took the position that the fee division should be made on a *quantum meruit* basis, and they furnished affidavits attesting to the hours worked while at the Feiger Firm. The Feiger Firm responded on November 15, 2011 asserting a challenge to jurisdiction and urging the contractual arguments discussed in the Court's previous opinion. The response accused the plaintiff's lawyers of submitting an inaccurate procedural summary of the work performed while at the Firm and took the position that they "materially understate[d]" their time. Dkt. #484 at 3 n.3. However, despite having exclusive access to the Firm's billing records and file documentation, the Feiger Firm submitted no competing affidavits on the amount of time it believed it was entitled under a *quantum meruit* analysis. The plaintiff's attorneys filed a reply, and the Feiger Firm moved for leave to file a sur-reply, which the Court granted. No factual challenge to the plaintiff's lawyers' affidavits documenting their hours worked was submitted. On December 15, 2011, the Feiger Firm filed a motion to submit yet another supplemental brief. The Court granted that motion, and the Firm filed a 41-page document. No affidavits or records contesting the hours worked were presented. On January 11, 2012, the Feiger Firm filed a motion for leave to submit more paper, this time a 9-page submission entitled "Second Supplemental Brief." The Court denied the motion for failure to seek concurrence, but granted an

-3-

amended motion to allow that filing, which contained no factual challenge to the hours claimed by the plaintiff's attorneys. Still no affidavits. Not content with the state of the file, on June 15, 2012 the Feiger Firm filed another motion asking to submit more exhibits. The Court granted the motion, but the exhibits did not include any affidavit or documents that suggested a challenge to the plaintiff's attorney's representations of the hours worked while they were at the Feiger Firm. The Feiger Firm filed another exhibit on June 22, 2012. Still no challenge to the hours worked.

It is plain to the Court that the Feiger Firm was quite aware that the fee dispute in this case likely would be decided on the basis of *quantum meruit*, which obviously calls for a calculation of hours worked times hourly rate. The Firm stipulated to that method when it filed its substitution document in June 2011. It has backed away from that agreement and asserted a different position after the case was settled, but to believe that a *quantum meruit* decision did not remain a distinct possibility is to turn a blind eye to the obvious. Yet despite its multiple filings, its exclusive access to its own billing records, and having received the Dettmer, Broschay, Lizza, and Deszi affidavits, the Feiger Firm has yet to present a factual challenge to the hours claimed.

The Court filed its opinion partially adjudicating the lien motion on January 2, 2103 and ordering additional briefs. Even in its response to that order, the Feiger Firm has failed to present even a whiff of evidence that the determination of the number of hours is in any way inaccurate. Without a factual challenge, a hearing on the point is not necessary. *See* Fed. R. Civ. Pro. 56(a), (d).

The other component of the *quantum meruit* formula is the hourly rate. *Dean*, 860 F.2d at 672. Generally, a reasonable hourly rate is calculated by reference to the prevailing market rates in the relevant community, *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007), and the Court invited the attorneys to present evidence and

argument on their respective positions. The Fieger Firm contends that the reasonable hourly rates for attorneys Broschay, Lizza, and Dezsi ought to be $600, $600, and $475, respectively, which, based on the hours each attorney worked on the case while at the Fieger Firm, would result in a *quantum meruit* recovery for the Fieger Firm of $19,440.00 (Broschay) plus $22,320.00 (Lizza) plus $21,612.50 (Dezsi), for a total amount of $63,372.50.

Although the Court may not have determined those respective hourly rates when considering the relevant factors, the plaintiff's attorneys have agreed that they may be used to determine the present dispute. Therefore, the Court will adopt the Fieger Firm's position as to the applicable hourly rates. The Court understands that the costs and expenses have been allocated and the amounts distributed, and the Fieger Firm will be awarded the amount of $63,372.50 in full satisfaction of its attorney's lien.

The plaintiff's attorneys seek an order to distribute the respective shares of the attorney's fee from the Court's registry. The Fieger Firm maintains that it should be awarded its portion, but the remainder should be held by the Court pending an appeal. The Fieger Firm's position in essence amounts to a request for a stay of the Court's order determining the lien.

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted). "All four factors are not prerequisites but are interconnected considerations

that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153).

When considering the first factor, it must be remembered that "the demonstration of a mere 'possibility' of success on the merits is not sufficient" to justify a stay. *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Com'n*, 812 F.2d 288, 290 (6th Cir. 1987). The Court finds that it is unlikely that the Fieger Firm would prevail on an appeal of the fee determination. The Court plainly has jurisdiction to determine the lien that the Fieger Firm filed in this case. Under Michigan law, the well-established method of allocating fees between new and former counsel in contingent fee claims is by *quantum meruit*. *Reynolds v. Polen*, 222 Mich. App. 20, 27, 564 N.W.2d 467, 471 (1997); *Ambrose*, 65 Mich. App. at 491, 237 N.W.2d at 527; *Law Offices of Lawrence J. Stockler, P.C.*, 135 Mich. App. at 550, 355 N.W.2d at 273. The Court does not believe that reasonable jurists would differ on that point. And it appears that the state court lawsuit the Fieger Firm filed against the attorneys that left the Firm, in which the Firm asserted many of the same contractual arguments rejected here, was dismissed by the state court judge.

There also is little likelihood that the Fieger Firm would be harmed if no stay is granted. The consequence of no stay is the distribution of the attorney fee fund in the Court's registry to the respective lawyers, including the Fieger Firm. The attorneys all appear to be engaged in the active practice of law and fully capable of responding and disgorging in the unlikely event that a different order results on appeal.

There is no suggestion that others would be harmed by not granting a stay. And the Court finds that the public interest is best served by a distribution of funds that have been maintained by the Court in its registry while this dispute has been pending.

Accordingly, it is **ORDERED** that the attorney's lien is determined in favor of the law firm of Fieger, Fieger, Kenney & Giroux, P.C. in the amount of $63,372.50, which will be paid from the registry funds in full satisfaction of its attorney's lien.

It is further **ORDERED** that the balance of the funds on deposit will be paid to the Law Offices of Paul Broschay, P.L.L.C.

The Court will enter a separate order for distribution.

                                    s/David M. Lawson
                                    DAVID M. LAWSON
                                    United States District Judge

Dated: March 18, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 18, 2013.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL